6: 742



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-591
Re: Authority of Comptroller, under the pro-
visions of Senate Bill 427, Acts of the
Regular Session of the 46th Legislature,
to expend sum appropriated therein for "bond
premiums" to pay the premium on a blanket
bond covering the various employees of such
department who handle the collection of
money.

Answering your letter submitting the question
stated in the caption hereto, we advise:

Under the appropriation provided by Senate Bill
427, Acts 46th Legislature, for the Main Division of the
Comptroller's Department, there appears an item, under
Maintenance and Miscellaneous, "Premiums on bonds, $1,500."

Under the appropriation for the Gross Production,
Natural Gas, Gross Receipts Tax Division of the Comptrol-
ler's Department, there appears, under Maintenance and
Miscellaneous, an item for "Bond premiums ... $250.00."

Under the Store Tax Enforcement Division appro-
priation for the Comptroller's Department, there appears,
under Maintenance and Miscellaneous, an item which reads
as follows:

"Postage, telephone, telegraph, travel
expense, bond premiums, stationery, supplies
and contingents ... $15,000.00."

Under the Motor Fuel Tax Refund Division appro-
priation for the Comptroller's Department, there appears,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

under the heading Maintenance and Miscellaneous, an item
for "Bond premiums ... $200.00."

Under the Motor Fuel Tax Division appropriation
for the Comptroller's Department, there appears, under the
heading Maintenance and Miscellaneous, an item for "Bond
premiums ... $300.00."

We find, under the General Laws, no express or
implied authority extended by the Legislature to the
Comptroller's Department to bond its various employees
who handle the collection of money and pay the expense
of such bond out of State funds. The Constitution is like-
wise silent upon the subject. The only provisions found
in the statutes upon this subject appear in Article 4345,
which requires a bond to be given by the Comptroller, and
provides that "all expense necessary and incident to the
execution of such bond shall be paid by the State by ap-
propriation," and Articles 4352 and 4362, R. C. S., 1925,
which provide for the giving of bonds by the Chief Clerk
and the bond clerk, but do not provide that the expense
incident to the giving of such bonds shall be paid by the
State.

However, the function of an appropriation bill
is to provide authority for the expenditure of certain
sums of money for certain prescribed purposes. Authority
to expend public moneys for certain purposes may be ex-
tended not only by general law, but also by an appropria-
tion bill having the force and effect of law and provid-
ing sums of money to be spent for such purposes. The
providing of a sum of money to be expended by a State
department for a certain purpose, in an appropriation
bill, is a direction by the Legislature to the department
that such sum of money shall be expended for that purpose
and for no other.

It is apparent from an examination of the pro-
visions of the Departmental Appropriation Bill referred
to above, in connection with the appropriation for the
Comptroller's Department, that the Legislature was not
providing these various sums of money to be expended for
"bond premiums" solely for the purpose of defraying the
premium on the official bond of the Comptroller, or for

the purpose of defraying the premium on the official bond of the Comptroller and the premium on the official bonds of the Chief Clerk and bond clerk. It appears to be the obvious intention of the Legislature, in providing such sums of money for bond premiums, that it shall be used to defray the cost of bond premiums upon the bonds not only of the Comptroller, the Chief Clerk, and bond clerk, but also for the purpose of paying the bond premiums on various employees of the Department who handle the collection of money and therefore should be and are placed under bond. This construction has been strengthened by the information conveyed to this Department by your Mr. Farmer that it has been the practice of your Department in the past to expend similar appropriations provided in the same general terms for this purpose, which evidences a departmental construction acquiesced in by the Legislature.

Worthy of note in this connection is the fact that the Comptroller and the Chief Clerk items in the appropriation bill appear under the heading "Main Division," whereas, for each of the other separate and distinct divisions of the Comptroller's Department, there is also an item provided for bond premium, which would be wholly unnecessary and superfluous unless the Legislature intended that such sums should be expended for purposes of paying bond premiums on bonds of other officers and employees than the Comptroller, the Chief Clerk and the Bond Clerk.

You are, therefore, advised that the $1,500.00 item for bond premiums, under the heading of Main Division of the Comptroller's Department, as it appears in Senate Bill No. 427, Acts 46th Legislature, may be used by your Department, not only for the purpose of paying the premiums on the official bonds of the Comptroller, the Chief Clerk and the Bond Clerk, but also for paying the premiums upon the official bonds of such other employees of the Main Division of the Comptroller's Department as are required by you to be under bond because of the fact that they handle the collection of public moneys.

Each of the special items provided for bond premiums for the various divisions of the Comptroller's Department is to be applied only to the payment of premiums on the official bonds of those who are bonded in the particular division under which the item of appropria-



Hon. George H. Sheppard, Page 4.

tion appears. In other words, the item appearing under the Main Division of the Comptroller's Department for bond premiums may not be used to pay the premiums on the official bonds of those employees in the Motor Tax Refund Division who are required to be under bond.

       Trusting that this gives you the desired information, we are

                   Yours very truly

                ATTORNEY GENERAL OF TEXAS

By       *R. W. Fairchild*

                 R. W. Fairchild
                 Assistant

RWF:pb APPROVED OCT 4, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN